IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER A. MCKEON,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, MIKE FERRITER, et al.,<br><br>Defendants. | Cause No. CV 09-00082-GF-SEH-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Christopher A. McKeon, a state prisoner proceeding pro se, filed this civil rights action alleging Defendants deliberately failed to address his serious medical condition. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

I.  PROCEDURAL BACKGROUND

On November 10, 2009, this Court issued an Order permitting Plaintiff the opportunity to file an amended complaint. (Court Doc. 7). On January 19, 2010, Plaintiff filed his Amended Complaint. Accordingly, the Court will now complete the prescreening process

pursuant 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Plaintiff continues to allege Defendants were deliberately indifferent to his serious medical needs when they failed to timely diagnosis and treat his cancer.

II. ANALYSIS

   A. Statute of Limitations

Several of Plaintiff's allegations are barred by the applicable statute of limitations. The United States Supreme Court in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Plaintiff signed his original Complaint on August 28, 2009, accordingly, any claims arising prior to August 28, 2006, they barred by the statute of limitations.

   Plaintiff was incarcerated at the Glendive Regional Prison

Facility aka the Dawson County Correctional Center (GRPF/DCCC) from February 6, 2004 to March 15, 2006.  While there, he alleges a John Doe medical person examined the abnormal growth on his arm but told Plaintiff it was nothing and the pain was just in his mind.  As all events at GRPF/DCCC occurred prior to August 28, 2006 and therefore barred by the applicable statute of limitations.

Plaintiff was moved to Crossroads Correctional Center in March 2006.  In June 2006, Plaintiff was examined by Physicians Assistant Steven Arnold.  Plaintiff expressed his concerns regarding his abnormal growths.  Defendant Arnold removed one such growth on Plaintiff's head but told Plaintiff the growth on his arm was nothing to be concerned about.  As these events also occurred prior to August 28, 2006, they are barred by the applicable statute of limitations.

B.  Direct Participation

Plaintiff's allegation that he had a growth on his arm that was not treated for more than four years and was ultimately found to be malignant melanoma cancer is disturbing.  In his original Complaint, Plaintiff listed a number of Defendants, but did not make specific

allegations regarding what any individual did or did not do to allegedly violate his constitutional rights.  Plaintiff was advised that in order to establish liability pursuant to Section 1983, he must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights.  Court's Doc. 7; Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  Despite this advice, Plaintiff failed to specifically identify what each individual defendant did to violate his constitutional rights.  His blanket statements that Defendants were directly involved in the refusal and denial of his medical needs are insufficient.  Plaintiff did not identify how each individual defendant had knowledge of his medical condition or their response thereto.

   Similarly, Plaintiff did not sufficiently plead supervisory liability against Defendants Ferriter, Mahoney, Law, Ivin, or McDonald.  The Court's prior Order instructed Plaintiff,

> Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability.  Id.  That is, a defendant will not be held liable just because they oversee the Department of Corrections, or a prison facility.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged

      deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). In order to be liable, a supervising officer has to "set in motion a series of acts by others . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

(Court Doc. 7, p. 11).

    Plaintiff alleges the supervisory defendants are responsible for supervision, they have a duty to protect, they form and maintain policies, and are responsible for the safety and protection of inmates. But Plaintiff does not allege that any of the named Defendants promulgated a policy at issue in this case.

    Plaintiff discusses how a prison medical worker (but he does not name this individual) told him the Department of Corrections had policies to refuse necessary medical procedures in order to save money at the expense of inmates' lives. Plaintiff does not say who was responsible for creating or implementing that policy, nor the person who told him about it.

    As disturbing as Plaintiff's allegations are, the Court cannot go forward on an action where Plaintiff has not identified which

Defendant is responsible for the alleged wrong. Plaintiff was specifically advised that if he failed "to affirmatively link the conduct of a defendant with an injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim." Plaintiff failed to do so.

## III. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff was given an opportunity to correct the deficiencies in his allegations and he failed to do so. As such, this matter should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be

granted.

  C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

  Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225

(9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

D. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to [Rule 58 of the Federal Rules of Civil Procedure](#).

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](#) because Plaintiff failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to [Fed.R.App.P. 24(a)(3)(A)](#) that any appeal of this decision would not be taken in good faith. Plaintiff's failure to state a claim is so clear no reasonalbe person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](#), Plaintiff may serve and file

written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of January, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT –CV-09-00082-GF-SEH-RKS / PAGE 10